OPINION. Murdock, Judge,: The first question for decision is whether the payments totaling $50,500 in the first year and $4,200 in the second year were amounts realized from the sale of service station goodwill or were really prepaid rent. Making payments o'f this kind for goodwill is an established practice in New York with relation to filling stations. The amounts were separately negotiated. The parties themselves described the amounts as payments for the goodwill of the stations. The petitioner did not make money on this item since it disposed of the goodwill of each station immediately upon acquiring it, and the price it received from its tenant was never in excess of the amount which it had paid for the goodwill. The amounts charged by the petitioner as rentals were not too low. The conclusion has been reached, after considering the entire record, that the payments were not advance rentals but were amounts realized from the sale of goodwill. The reasonable compensation for the services rendered by the petitioner’s officers to be deducted for the fiscal year ended March 31, 1951, has been found from the evidence. No compensation was paid to them in the previous fiscal year and apparently no dividends have ever been paid. The petitioner introduced no evidence of compensation paid to officers doing comparable work for comparable companies, and from the record, including the rather general evidence disclosing the nature and importance of the work of the various officers, the reasonable amount of the value of their services has been determined. Cohan v. Commissioner, (C. A. 2) 39 F. 2d 540. The petitioner produced no receipts, vouchers, or records to substantiate enumerated expense items claimed as deductions on its return for the fiscal year ended March 31, 1951. There is general evidence that the petitioner reimbursed its officers for the use of their cars; that two of the officers made considerable use of their cars for the purpose of inspecting gas service station properties throughout the metropolitan area of New York; and that another officer used his car about one-half as much. There is also general evidence as to the requirements for telephone, entertainment, and sundry expenses. Findings of fact have been made disposing of these issues. Cohan v. Commissioner, supra. Decision will 'he entered wider Bide 60.